

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 9, 1939

Hon. Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. 0-627.
Re: Does the purpose clause of the
Bethlehem Steel Company's permit
to do business in Texas include
construction of steel bridges by
interpretation?

We acknowledge receipt of your letter
of April 10th, in which you request an opinion
from this department on the question of whether
or not the purpose clause in the Bethlehem Steel
Company's permit to do business in Texas can be
construed to include the construction of steel
bridges.

Your letter quotes the purpose clause
of the Bethlehem Steel Company's permit as fol-
lows:

"The purchase and sale of goods,
wares and merchandise, including steam-
ship supplies and equipment such as
usually or may be handled by steamship
supply companies at ports in the state
of Texas".

The law is well settled in this state
that a corporation derives all of its powers
from the law under which it was created and that
its transactions, wherever they occur, must be
within the powers conferred by that law. A for-
eign corporation is further restricted to the
powers which may lawfully be exercised by a sim-
ilar corporation organized and doing business in
the state of Texas.

> Western Public Service Co. v. Meharg,
> Secretary of State, 238 SW 141, 292
> SW 168

It logically follows and the courts of Texas
have held consistently that a foreign corpora-
tion must conduct itself in accordance with the
constitutional and statutory provisions of this
state.

> Southwestern Bell Telephone & Telegraph
> Co. v. City of Dallas, 131 SW 80,
> 134 SW 321.

> Empire Mills v. Elson Grocery Company,
> 15 SW 505

> Fowler v. Bell 37 SW 1058

Under the laws of Texas a corporation
may be formed for any one of more of the purposes
specified in any one of the subdivisions of arti-
cle 1302 of the Revised Civil Statutes of 1925,
but it cannot be formed for two or more purposes
as designated in two or more of the subdivisions.

> Ramsey v. Tod, 69 SW 135

> Fowler v. Bell 37 SW 1058

The same rule holds with respect to
foreign corporations.

In the opinion of this department the
purpose clause of the Bethlehem Steel Company's
permit to do business in Texas, as hereinabove
set out, does not include and cannot be constru-
ed to include the construction of steel bridges
within this state.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _[signature]_

Ross Carlton
Assistant

RC:cmb

APPROVED:

_[signature]_ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS.